IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM ROBERT LANCASTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-258-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, William Robert Lancaster, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:20-CR-030-Z, reflects the following:

On May 6, 2020, Petitioner was named in a one-count indictment charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). (CR ECF 10). Petitioner originally entered a plea of not guilty. (CR ECF 14). He later signed a plea agreement (CR ECF 19) and factual resume (CR ECF 21). On August 17, 2020, Petitioner entered a plea of guilty to the indictment. (CR ECF 23).

At rearraignment, the undersigned explained step by step what was happening and why. Petitioner testified under oath that: he had two to three years of college; he had been treated within the last twelve months for a traumatic brain injury or multiple brain injuries; he had been sent for a restoration (not a competency evaluation) and was being treated with psychotropic drugs. (CR ECF 44 at 5–6). Even with that background, he would be able to understand what was happening

at rearraignment. (*Id.* at 6). He was not under the influence of any drug or alcoholic beverage at the time of rearraignment; he had received his normal medications. (*Id.* at 7). He had consulted with counsel regarding having his plea taken by the magistrate judge and he wanted to go forward with his plea. (*Id.* at 7–8). He had been provided a copy of the indictment; he had read it and had it read to him; he had fully discussed the charges and his entire case with his attorney. (*Id.* at 8). He understood the essential elements of the charge against him. (*Id.* at 9–10). He was fully satisfied with his attorney. (*Id.* at 10). He waived the reading of the plea agreement and plea agreement supplement. (*Id.*). He had read and discussed both documents with his attorney; he understood all of the terms of each; and had no corrections or changes to either. (*Id.* at 10–11). He signed both documents. (*Id.* at 11). There were no other promises or agreements that were not included in the plea agreement; no one had threatened or attempted in any way to force Petitioner to plead guilty. (*Id.* at 11–12). He was pleading guilty voluntarily and of his own free will because he was guilty. (*Id.* at 12). He understood that he would lose valuable civil rights as a result of his plea. (*Id.* at 12–14). He understood that he faced a maximum term of imprisonment of 20 years. (*Id.* at 14). No one had made any promise as to what sentence he might receive; he understood the district judge would decide his sentence; the district judge would consider the sentencing guidelines and range of punishment but would not be bound by them; he and his attorney had discussed the sentencing guidelines and how they might apply; his attorney gave him an idea of how they might apply but even though she had a lot of experience, her opinion was not binding and that no one could predict what his sentence might be. (*Id.* at 15–18). He understood that the district judge could impose a sentence more severe than called for under the guidelines. (*Id.* at 18–19). He understood that he had given up his right to appeal except in the limited circumstances set forth in the plea agreement. (*Id.* at 19). Defendant had no questions for his attorney and entered a plea of guilty. (*Id.* at 19–20).

Before the hearing, Petitioner had both read and had read to him the entire factual resume; he understood everything in it and signed it along with his attorney; he committed each of the essential elements of the offense charged by count one of the indictment. (*Id.* at 19–21).

Petitioner's attorney represented that she was satisfied that Petitioner understood the nature of the charges (CR ECF 44 at 10), and the plea agreement and supplement (*id.* at 11) The magistrate judge determined that Petitioner was fully competent and capable of entering an informed plea, that the plea was knowingly and voluntarily made, and that she would recommend that it be accepted. (*Id.* at 21–22). Before concluding, the magistrate judge recapped Petitioner's testimony regarding his mental health treatment issues and asked if there was anything about his mental health history or treatment or medications he was taking or drug treatment in the past that he thought influenced his ability to understand the proceedings. (*Id.* at 23–24). Petitioner responded that there was not and that he had understood all of the proceedings and the questions posed to him. (*Id.*).

The probation officer prepared the presentence report ("PSR"), which reflected that Petitioner's base offense level was 20. (CR ECF 27, ¶ 27). He received a two-level enhancement for taking property of a financial institution (*id.* ¶ 28), and a two-level enhancement for attempted carjacking. (*Id.* ¶ 29). He was determined to be a career offender, which increased his base offense level to 32. (*Id.* ¶ 34). He received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 35, 36). Based on a total offense level of 29 and a criminal history category of VI, his guideline imprisonment range was 151 to 188 months. (*Id.* ¶ 124). Petitioner filed objections, primarily to give an update as to his medications (CR ECF 29), and the probation officer prepared an addendum to the PSR. (CR ECF 30).

On December 23, 2020, the Court sentenced Petitioner to a term of imprisonment of 188

months. (CR ECF 40). At the sentencing hearing, counsel stated that she was confident that Petitioner understood the PSR and addendum. (CR ECF 45 at 9). Petitioner did not appeal.

## GROUNDS OF THE MOTION

Petitioner raises three grounds in his motion, two alleging that he received ineffective assistance of counsel and one alleging that he was incompetent to enter a guilty plea.[1] (ECF 2).

## STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew*

---

[1] Set forth as ground four is a request that Petitioner be appointed counsel. The undersigned recommends that the request be denied. Petitioner has adequately stated his grounds.

*v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### **ANALYSIS**

In support of his first and second grounds, Petitioner alleges that, due to COVID-19, he was not able to visit with his attorney sufficiently to gain an understanding of what he was signing and doing. (ECF 2 at 4, 5[2]). In support of his third ground, he alleges that he has been found

---

[2] The page references are to "Page ___ of 13" reflected at the top right portion of the document on the Court's electronic filing system. The printed page numbers on the form used by Petitioner are not the actual page numbers of the

incompetent to stand trial on two occasions in federal court and on 26 occasions in New Mexico state courts and that because of ineffective assistance of counsel he was forced to take a plea that he did not understand or want. (*Id.* at 7).

As for the time Petitioner spent visiting with his attorney, the law is clear that the "brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel." *Schwander v. Blackburn*, 750 F.2d 494, 499–500 (5th Cir. 1985) (quoting *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)). In *Murray*, the Fifth Circuit determined that a twenty-minute consultation before trial was not ineffective. Reasonably effective assistance may be provided even if counsel spends only a short time with his client. *Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir. 1979). That is the case here, where the Court determined that Petitioner understood the proceedings and was competent to enter his guilty plea.

The fact that he had been found incompetent in other cases, assuming that is true, does not change the Court's determination that Petitioner made a fully informed decision to plead guilty. Competence to stand trial or enter a plea of guilty simply requires that the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402 (1960) (internal quotations omitted)). As the Court concluded, Petitioner was competent to enter his plea in this case.

Any claim that Petitioner was not competent to enter his plea is belied by the record. He testified under oath to the facts that established that his plea was knowing, voluntary, and intelligent. Specifically, he understood the charge against him. No one had threatened or coerced him or promised him anything to enter into a plea of guilty. He understood the elements of the

---

document.

offense to which he was pleading guilty and he committed all of them. He understood that he faced a term of imprisonment of up to twenty years. He had understood, discussed with his counsel, and signed the factual resume and plea agreement. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement are entitled to the presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985). Petitioner's plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegations to the contrary, he has made no attempt to show otherwise. Moreover, he has made no attempt to show that but for counsel's unprofessional errors the outcome of the proceeding would have been different.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, William Robert Lancaster, be DENIED and that his request for appointment of counsel likewise be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on October 30, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).